In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00220-CR

_____

ANGELA CASSIDY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 19-07-09172-CR

## MEMORANDUM OPINION

Angela Cassidy appeals her conviction for injuring a child by omission, a first-degree felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Cassidy in her appeal. The attorney discharged his responsibilities to Cassidy filing an *Anders*

---

[1]*See* Tex. Penal Code Ann. § 22.04(b)(1).

brief.[2] In the brief, Cassidy's attorney represents there are no arguable reversible errors to be addressed in Cassidy's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, Cassidy's attorney explains why, under the record in Cassidy's case, no arguable issues exist to reverse the trial court's judgment.[4] Cassidy's attorney also represented that he sent Cassidy a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Cassidy, by letter, that she could file a pro se brief or response with the Court on or before May 3, 2021. Cassidy, however, did not respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal. Thus, it follows that the appeal is

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

frivolous.[6] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[7]

The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 27, 2022
Opinion Delivered August 10, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

---

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Cassidy may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.